SCHOTT, Judge.
Plaintiff, Fairgrounds, has appealed from a dismissal of its petition for a declaratory judgment to have declared invalid Rule 16(U) of the Rules of Racing adopted by defendant, Commission, on April 21, 1972.
After hearing testimony by representatives of the Fairgrounds and the Jockey’s Guild at two meetings in January, 1972, the Commission initiated its rule-making procedure relative to Rule 16 (U) having to do with the payment of the valets who at *879 tend the jockeys in connection with their races. Pursuant thereto the Commission had published on January 22, 24 and 25 a notice of two alternative proposals to change the rule respectively submitted by the Fairgrounds and the Guild. The notice informed the public that the Commission intended to adopt one of the alternative changes ten days from the date of the publication and that interested persons were entitled to submit “data, views or arguments, orally or in writing,” during the ten day period at the office of the Commission. On February 3 the Commission heard testimony on the matter and voted not to adopt either of the proposed changes to the Rule.
On February 4, 5 and 7, 1972, the Commission again had published a notice to the effect that it intended to adopt ten days from the date of the publication one of the same alternative amendments to the Rule, and again the notice included the information described above relative to a time and place available to the public for response to the proposal. Without further notice to the Fairgrounds the Commission at its meeting of April 21 adopted the change submitted by the Jockey’s Guild over the objection of the Fairgrounds’ representative.
The trial judge in reasons for judgment found that the Commission “was well within substantial compliance of law in giving notice to plaintiff of its intended action to change the rule in question,” noting that the proposal was the subject “of continued deliberations by the Commission from February 7, 1972, through the action taken on April 21, 1972, and before.”
In this Court the Fairgrounds contends that the Commission violated its constitutional rights by its “failure to adhere strictly to R.S. 49:953.” There is no' attempt to show that the act itself is unconstitutional but only that the Commission failed to comply with the specific cited provision of the act, which provides as follows :
“A. Prior to the adoption, amendment, or repeal of any rule, the agency shall:
(1) Give at least ten days’ notice of its intended action. The notice shall include, a statement of either the terms or substance of the intended action or a description of the subjects and issues involved, and the time when, the place where, and the manner in which interested persons may present their views thereon. The notice shall be mailed to all persons who have made timely request of the agency for advance notice of its rule-making proceedings and shall be published at least once in the official Louisiana journal;”
We find no basis for questioning the Commission’s actions since it did comply with the quoted statute. In the first place, there is nothing in the record to suggest that the Fairgrounds was entitled to have notice mailed to it since the record contains nothing to show that it made a timely request of the Commission for such notice. The Fairgrounds therefore relegated itself to a published notice only. Since the Commission had the second notice published for the last time on February 7 and took no action until April 21, the Fairgrounds had considerably more than the minimum ten days’ time in which to present its views on the proposed change.
The Fairgrounds contends that its rights were somehow violated because the Commission at its February 3 meeting had declined to adopt either of the proposed changes, but we see no reason why the Commission was precluded from reinitiat-ing its rule-making procedure with the new publications on February 4, 5 and 7 to consider the same proposed changes. The publication of that second notice afforded to the Fairgrounds the opportunity to present its views to the Commission, and we find no reason why the Commission could not consider the matter at their April meeting.
The Fairgrounds makes much of the fact that this matter was not even placed on the *880 agenda for the April meeting until after the meeting had begun. The minutes show that the Commission’s action came as a surprise to a representative of the Fairgrounds at the meeting and he did object and request a later hearing on the matter. But we find nothing in the statute which prevented the Commission from proceeding in this manner. The minimum ten day period had passed without the Fairgrounds presenting its views.
Having concluded that the Commission did not violate the letter of the law concerning the procedure for their adoption of the rule change, we affirm the judgment of the trial court dismissing plaintiff’s petition for a declaratory judgment.
Affirmed.